UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1349 AGF |
| | ) | |
| MOMENTIVE PERFORMANCE, | ) | |
| MATERIALS, INC., et. al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the parties' Disputed Joint

Motion for Protective Order.  (Doc. No. 45.)  Plaintiff Clayton Corporation ("Clayton")

and Defendants Momentive Performance Materials Inc., Lindal North America, Inc.,

("Lindal") and Altachem NV ("Altachem"), (collectively, "Defendants") request that the

Court enter a protective order.  The parties have agreed on all terms of the proposed

protective order except for the inclusion of a two-year patent prosecution bar.[1]

---

[1]    The disputed language states:

Notwithstanding any provision of this Protective Order, every person of the
receiving party who receives and reviews information of another party
designated as ATTORNEYS' EYES ONLY INFORMATION under this
Protective Order is precluded from drafting, prosecuting, or supervising the
drafting or prosecution of any patent applications with the United States
Patent and Trademark Office or any similar proceedings in any other
country, involving any patent or patent application having claims or
disclosures related to valves containing glass-filled valve stems for use in
moisture curable foams, for a period of two (2) years after the termination
of this action. For clarity, "prosecution" includes drafting or amending
claims for reexamination, reissue, interference proceedings, or any other
post-grant proceedings, but does not include other involvement with such
post-grant proceedings. For clarity, this paragraph only applies to specific

Defendants contend that such a bar is reasonable and necessary to avoid the use of its confidential information.[2]  Plaintiffs oppose the imposition of the patent prosecution bar arguing that it will interfere with their ability to obtain the advice of their patent counsel. The parties represent that they have conferred by telephone regarding the dispute, but have been unable to resolve it.  For the reasons set forth below the Court will deny Defendants' request to include a patent prosecution bar in the protective order.

**Applicable Law**

Courts presiding over patent cases generally apply "regional circuit law when [a discovery] issue involves an interpretation of the Federal Rules of Civil Procedure," *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996), but Federal Circuit law will apply if "resolution of the discovery dispute implicates an issue of substantive patent law."  *In re Deutsche Bank Trust Co. Am.*, 605 F.3d 1373, 1377 (Fed. Cir. 2010) (citations omitted).  Patent prosecution bars address the concern over inadvertent disclosure arising in patent infringement cases when trial counsel also represents the same client in prosecuting other, usually related, patent applications before the U.S. Patent and Trademark Office ("PTO").  *Id.*  The Federal Circuit has explicitly

> individuals who have received and reviewed information of another party designated as ATTORNEYS' EYES ONLY INFORMATION under this Protective Order and does not apply generally to the firms, and their attorneys and staff identified as TRIAL COUNSEL.

(Doc. No. 45-3).

[2]   Defendant Momentive concedes that its interests will not be affected by the release of the disputed information here but asserts that it does not object to entry of the patent prosecution bar in the proposed protective order.

held that "the determination of whether a protective order should include a patent

prosecution bar" is an issue unique to patent law and therefore governed by Federal

Circuit law.  *Id.* at 1378; *see also Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d

1027, 1032 (Fed. Cir. 2006).

    Protective orders typically include provisions specifying that designated

confidential information may be used only for purposes of the current litigation, and such

provisions are generally accepted as an effective way of protecting sensitive information

while granting trial counsel limited access to it for purposes of the litigation.[3]  There may

be circumstances, however, in which even the most rigorous efforts to preserve

confidentiality in compliance with the provisions of such a protective order may not

prevent inadvertent disclosure.  *See FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir.

1980) (noting that "it is very difficult for the human mind to compartmentalize and

selectively suppress information once learned, no matter how well-intentioned the effort

may be to do so").

    The party seeking a patent prosecution bar bears the burden of showing good

cause for its inclusion in a protective order.  *See* Fed. R. Civ. P. 26(c); *see also Deutsche*

*Bank*, 605 F.3d at 1377.  The proponent of the bar must show that counsel's

representation of the client in matters before the PTO is likely to implicate "competitive

decision making related to the subject matter of the litigation so as to give rise to a risk of

inadvertent use of confidential information learned in litigation."  *Deutsche Bank*, 605

---

[3] This standard protective order for use in patent cases in this District includes such a
provision but does not incorporate a patent prosecution bar.  *See* Local Patent Rules,
United States District Court, Eastern District of Missouri, Appendix A.

F.3d at 1381.  If such a risk exists, a court must weigh it against "the potential injury to the moving party from restrictions imposed on its choice of litigation and [patent] prosecution counsel."  *Id.* at 1381.

"[C]ompetitive decision making has been defined as 'counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.'"  *Deustche,* 605 F.3d at 1378 (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)).

Every patent prosecution or litigation attorney is not necessarily involved in competitive decision making.  Attorneys that are "more substantially engaged with prosecution," such as those "making strategic decisions on the type and scope of patent protection that might be available or worth pursuing" and "writing, reviewing, or approving new applications," are more likely to be involved in competitive decision making, and therefore are more at "risk of inadvertent disclosure of competitive information learned during litigation."  *Deustche*, 605 F.3d at 1379.

"'The facts, not the category must inform the result' and 'each case should be decided based on the specific facts involved therein.'"  *Deustche*, 605 F.3d at 1379 (quoting *In re Sibia Neurosciences, Inc.*, No. 525, 1997 WL 688174, at *3 (Fed. Cir. Oct. 22, 1997)).  It is "specific evidence–not an inflexible rule–that supports a finding of competitive decision making."  *Pfizer Inc. v. Apotex Inc.*, 744 F.Supp.2d 758, 765 (N.D. Ill. 2010); s*ee also Deutsche Bank*, 605 F.3d at 1380 (directing courts "to examine all

4

relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis."); *U.S. Steel*, 730 F.2d at 1468 (requiring a showing of "factual circumstances surrounding each individual counsel's activities").  Therefore, it is incumbent upon a party seeking a prosecution bar to provide such evidence. *Pfizer*, 744 F. Supp. 2d at 765.

## Arguments of the Parties

Defendants, who bear the burden of persuasion here, assert that the proposed prosecution bar is necessary and narrowly tailored to reflect the risk of disclosure.  They further assert that any resulting prejudice to Plaintiff is slight.  Defendants dispute Plaintiff's assertion that the "design and composition" of the accused products can be determined entirely by reverse engineering.  They contend that the claims of the disputed '834 patent include function-based elements, which cannot be reverse engineered. Second, they point out that Plaintiff seeks discovery related to Lindal and Altachem's past research and development, not just its commercial work.  Third, noting that Plaintiff is now prosecuting continuation patents to the '834 patent, Defendants assert that future patent claims may go well beyond anything that can be "reverse engineered."

Defendants further contend that the prosecution bar is necessary in this case because Lindal/Altachem and Clayton are direct competitors and the requested discovery relates to highly sensitive research and development and manufacturing work. Defendants also argue that because the proposed prosecution bar is limited only to individuals who receive and review "Attorneys Eyes Only" Information," Plaintiff's access to counsel will not be compromised because other attorneys at trial counsel's law

5

firms may engage in the patent prosecution.  In addition, they note that the bar is limited

to a relatively short span of two years, and that trial counsel will still be able to

participate in post-grant proceedings, such as commenting on the prior art.  They concede

however, that the bar extends to patent prosecution before the PTO, as well as drafting or

amending claims in post-grant proceedings, such as reexamination and reissue.

Finally Defendants assert that any injury to Plaintiff is outweighed by the potential

injury to Defendants Lindal and Altachem.  They argue that the likelihood of injury to

Plaintiff is low because Plaintiff has access to separate counsel from the same law firm

for patent prosecution.

Plaintiff asserts that language already present in the proposed protective order

prohibiting the use of protected information "for competitive purposes or the prosecution

of additional intellectual property rights" is adequate to protect Defendants' interest here.

Plaintiff notes that this language is found in this District's standard protective order for

use in patent cases and that there are no special circumstances here warranting the

imposition of a two year patent prosecution bar.  *See* Local Patent Rules, United States

District Court, Eastern District of Missouri, Appendix A.

Moreover, Plaintiff contends that it will be prejudiced by the imposition of such a

bar which will effectively preclude Plaintiff from obtaining the advice of its legal counsel

about patent claims or proposed claim amendments in pending patent applications or

post-grant proceedings involving the asserted patent in this case, simply because counsel

may have reviewed materials produced in this case.  Plaintiff asserts that the prosecution

bar is overbroad because it will prohibit Plaintiff's counsel from providing such advice

6

even if the information produced in this litigation has no bearing on the advice Plaintiff

seeks.

Plaintiff also contends that the design and composition of the accused products

may be easily determined through simple analytical tests with items readily available in a

hardware store.  Asserting that the parties can easily "reverse engineer" the accused

products without specialized information, Plaintiff argues that a prosecution ban is overly

restrictive.  Plaintiff further contends that its access to the advice of counsel should not be

compromised merely because counsel viewed information produced in this litigation that

may reveal nothing more than what could be ascertained through simple tests of the

accused products.

## Discussion

Upon consideration of the relevant case law and the record before it, the Court

rejects Defendants' proposal to include a patent prosecution bar in the protective order.

Defendants have not met their burden of showing good cause for entry of such a bar.  *See*

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.,* 274 F.R.D. 576, 582 (E.D.

Va. 2010); *Pfizer*, 744 F.Supp.2d at 765; *Intellect Wireless, Inc. v. T-Mobile USA, Inc.*,

No. 08 C 1215, 2010 WL 1912250, at*2 (N.D. Ill. May 12, 2010); *Fairchild*

*Semiconductor Corp. v. Third Dimension* Semiconductor, *Inc.,* No. 08-158, 2009 WL

1210638, at *12-13 (D. Me. Apr. 30, 2009).

Defendants assert only that the parties are competitors, and that because of the

critical nature of the claims Plaintiff's trial counsel has expressed the desire to comment

on potential claims for the pending application and during any post-grant proceedings.

7

Defendants offer no specific evidence that trial counsel's activities with respect to patent prosecution constitute competitive decision making.  Nor have Defendants demonstrated counsel's "'involvement with the plaintiff's internal business activities' that creates a high risk of inadvertent disclosure." *Pfizer*, 744 F. Supp. 2d at 768 (quoting *Intellect Wireless*, 2010 WL 1912250, at *2).

Defendants have not provided the Court with an affidavit, declaration, or any other form of evidence on any issue related to the proposed prosecution bar.  As a result, the Court has no evidentiary basis upon which to determine what relations Plaintiff's attorneys have with their client, what the scope of their representation of Plaintiff is, who they advise or consult within the company, or any other ground by which the Court could gauge the risk of inadvertent disclosure of confidential information.  Without such evidence, a party has not shown why a court should impose a bar on opposing counsel's activities. *Intellect Wireless,* 2010 WL 1912250, at *2; *see also ActiveVideo Networks,* 274 F.R.D. at 582; *Pfizer*, 744 F.Supp.2d at 768.  Such "vague statement[s] [are] not enough to warrant the unnecessary hardship that would result from the issuance of a patent prosecution bar." *Intellect Wireless,* 2010 WL 1912250, at *2.

The Court is unwilling to preclude lawyers from litigating here or in front of the PTO on the basis of a vague and generalized threat of future inadvertent misuse of discovered materials and in the absence of specific evidence that Plaintiff's counsel engages in competitive decision making. *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 577 (W.D.Wa. 2007).  The Court will therefore deny Defendants'

8

request for a patent prosecution bar, but without prejudice.  The Court will enter the

stipulated protective order attached to the parties' motion as (Exhibit B).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for a protective order

is **GRANTED in part** and **DENIED in part**.  (Doc. No. 45)

**IT IS FURTHER ORDERED** that the Court approves the parties' proposed

protective order as set forth in Exhibit B.  (Doc. No. 45-2.)

**IT IS FURTHER ORDERED** that Defendants' request for the inclusion of a

patent prosecution bar in the protective order is **DENIED without prejudice**.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 14th day of May, 2013.