UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV1349 AGF |
| ) | |
| MOMENTIVE PERFORMANCE, ) | |
| MATERIALS, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This patent infringement case is before the Court on the motion of Defendants Lindal North America, Inc. and Altachem NV (collectively, "Defendants") to amend their counterclaim to add a count for tortious interference with a business expectancy.[1] Plaintiff Clayton Corporation opposes the motion, asserting that the claim is futile because Defendant will be unable to prove the claim, and both parties have filed briefs in support of their positions. For the reasons set forth below the Court will grant Defendants' motion for leave to amend.

**Arguments of the Parties**

Plaintiff opposes the motion asserting that the claim is futile because Defendants will be unable, as ultimately required, to demonstrate by clear and convincing evidence that Plaintiff's complaint is objectively baseless and that it acted in bad faith by asserting its rights under the patent.

---

[1] On October 4, 2012, Defendants filed their original counterclaims, seeking a declaratory judgment of non-infringement and invalidity. (Doc. No. 19.) Defendants' amended counterclaim also includes these two counts.

Defendants respond, in essence, that Plaintiff conflates the issues of proof and pleading and contend that the proposed counterclaim for tortious interference is properly pleaded. Defendants further assert that the question of whether they can prove that claim by clear and convincing evidence is premature and not presented by a motion for leave to amend.

**Applicable Law**

Under Federal Rule of Civil Procedure 15(a)(2) after an answer has been filed a party may only amend its pleadings with leave of court. Rule 15 is broadly construed to allow amendments, but the denial of leave to amend may be justified if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). A proposed amendment is properly denied as futile if the allegations will not withstand a motion to dismiss under Rule 12(b)(6). *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations as true and draws all reasonable inferences in favor of the nonmoving party even if it appears that "actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "complaint must contain sufficient factual matter, [which if] accepted as true . . . 'state[s] a claim to relief'" that is more than speculative and is "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nonetheless, this standard does not implicate the burden of proof applicable to the legal claim and "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556.

With respect to the pleading requirements applicable to the proposed claim for tortious interference with a business expectancy, "[f]ederal patent law preempts state law tort liability" for a patent owner's good faith enforcement of its patent rights, but permits such claims "based on a showing of 'bad faith' action in asserting infringement." *Matthews Intern. Corp. v. Biosafe* , 695 F.3d 1322,1332 (Fed. Cir. 2012) (internal quotations omitted). "[B]ad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." *Zenith Elec.s Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999). In addition, the "bad faith" requirement has both objective and subjective components which must be proved by clear and convincing evidence. *See Dominant Semiconductors SDN BHD. v. Osram GMBH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374-75 & n.8. (Fed. Cir. 2004); *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002).

**Discussion**

Upon consideration of the proposed counterclaim, the relevant case law, and the arguments of the parties, the Court is satisfied that the motion for leave to amend should

3

be granted.  Defendants have adequately pled both bad faith[2] and the elements of a claim for tortious interference with a business expectancy.[3]  Specifically, Defendants allege that at the time Plaintiff filed suit for infringement Plaintiff was aware of certain characteristics of Defendants' products that render them non-infringing.  *See* Doc. No. 51-1, Count III at ¶¶ 18-25.  Defendants assert that Plaintiff filed suit knowing that its claim was frivolous and did so only to interfere with Defendants' business and client relationships.  *Id.*  Defendants also allege that this action was without justification because, due to the noted characteristics, Plaintiff was aware that Defendants' product does not infringe its patent, yet represented the contrary to others in the market.  *Id.*  Defendants further allege that Plaintiff's actions have resulted in the loss of business and rupture of relationships with established clients.  *Id.*  These allegations are not merely conclusory or formulaic and are supported by factual allegations regarding Plaintiff's knowledge, Defendants' clients, and the nature of the parties' products sufficient to state a plausible claim for relief.  *See Zenith,* 182 F.3d at 1354 (bad faith); *Western Blue Print*

---

[2]      Exactly what constitutes bad faith remains to be determined on a case by case basis.  Obviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents . . . that a competitor is infringing the patent, a clear case of bad faith representation is made out.

*Zenith*, 182 F.3d at 1354.

[3]      Under Missouri law to prove a claim for tortious interference with a business expectancy, the plaintiff must demonstrate: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct.  *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 19 (Mo. 2012); *Healthcare Serv. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 614 (Mo. 2006).

*Co., LLC v. Roberts*, 367 S.W.3d 7, 19 (Mo. 2012) (tortious interference).  Whether, after discovery, Defendants will be able to prove such allegations by clear and convincing evidence is not the question before the Court at this time, and Plaintiff's contentions that Defendants cannot do so from a factual standpoint are not a valid basis for denial of leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for leave to amend their counterclaim by adding a claim for tortious interference with a business relationship is **GRANTED**.  (Doc. No. 51.)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach the proposed amended counterclaim attached to Defendants' motion (Doc. No. 51-1) and file it as the Answer and First Amended Counterclaim herein.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2013.

5