UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-01349-AGF |
| ) | |
| ALTACHEM NV, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 118) of Defendants Lindal North America, Inc. and Altachem NV (collectively, "Defendants") to compel Plaintiff Clayton Corporation ("Clayton") to produce the complete laboratory notebooks for the named inventors of the patent-in-suit, U.S. Patent No. 7,984,834 ("the '834 Patent"). For the reasons set forth below, the Court shall **GRANT** Defendants' motion.

## BACKGROUND

Plaintiff's '834 Patent describes and claims a valve stem made of a glass-filled polyolefin that resists the adherence of a moisture curable foam, such as polyurethane foam, to the valve seal even if the foam in the containers has hardened. The claimed invention purports to improve on previous valve designs by adding glass to the valve stems to avoid valve-sticking problems. Defendants have made several requests for Clayton to produce all documents concerning the '834 Patent, including all laboratory notebooks concerning the conception, design, testing, reduction to practice, and

development of the claimed invention. In response to these requests, Clayton produced "portions" of its inventors' laboratory notebooks which Clayton identified as "related" to the invention described in the '834 Patent. (Doc. No. 123 at 4.)

Defendants assert that Clayton has only produced "a few pages" from the notebooks, "on the basis that 'only pages dealing with the non-sticking valve development' are relevant to this case." (Doc. No. 119 at 1.) Specifically, Defendants assert that Clayton has only produced excerpts from eight of the laboratory notebooks, and has entirely refused to produce the remaining twelve notebooks, all of which Clayton's notebook directory indicates belong to the named inventors of the '834 Patent.[1]

Defendants argue that all of the notebooks are relevant to the design, development, conception, diligence, and inventorship of the alleged invention of the '834 Patent, and must therefore be disclosed in accordance with Local Patent Rule 3-2(b). Defendants also argue that all of the notebooks are relevant to their defense that the asserted claims of the '834 Patent are obvious. Defendants have alleged that persons of skill in the art would have been motivated to add glass to the valve stems to increase the strength of those valve stems, and Defendants dispute Clayton's claim that there was a "long-felt need" for the claimed invention.

Moreover, Defendants emphasize that the Court has entered a protective order in this case, (Doc. No. 99), which allows Clayton to produce the laboratory notebooks as "confidential – attorneys' eyes only – prosecution bar information." Thus, Defendants

---

[1] Defendants assert that Clayton has produced excerpts of laboratory notebooks numbered 129, 130, 136, 137, 149, 167,175, and 178, and has refused to produce notebooks numbered 100, 103, 106, 109, 112, 115, 119, 121, 124, 127, 133, and 177.

assert that Clayton cannot show that it will be prejudiced by the production of the complete laboratory notebooks, because the protective order prevents Clayton's competitors from receiving any information contained in the notebooks, and prevents Defendants' counsel from using that information for patent prosecution.

In response, Clayton contests the relevance of the complete laboratory notebooks, and maintains that "the sought-after portions of the notebooks are so far removed from the subject matter of this lawsuit that the prosecution bar effectively offers no protection." (Doc. No. 123 at 8.) Instead, Clayton offers to produce the redacted versions of these notebooks and to allow Defendants' counsel to inspect the complete notebooks in person. However, Clayton states that it will only "consider" requests to produce copies of any specific information identified by Defendants' counsel during this inspection. (Doc. No. 123 at 7.)

In reply, Defendants argue that Clayton should not be allowed to redact the notebooks based on its own view of relevance. Defendants assert that there is no support for redacting allegedly irrelevant material under the Federal Rules of Civil Procedure, and that allowing such redactions would be at odds with the Rules' liberal discovery policies. Defendants maintain that the protective order in this case is sufficient to protect any confidential or proprietary information in the laboratory notebooks.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under this Rule, "[r]elevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Furthermore, in this district, plaintiffs in patent infringement cases "must produce to each Alleged Infringer or make available for inspection *and copying* . . . [a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent(s)-in-suit . . . ." Local Patent Rule 3-2(b) (emphasis added).

Although courts have discretion to limit discovery that is unreasonably cumulative, duplicative, burdensome, or expensive, Fed. R. Civ. P. 26(b)(2)(C), none of those grounds have been asserted by Clayton in this case. Instead, Clayton seeks to limit discovery on the grounds that the non-disclosed materials contain proprietary information that is unrelated to the subject-matter of this lawsuit. However, the Federal Rules promote a "broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) (citation omitted); *see also Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010) (finding that "redaction of otherwise discoverable documents is the exception rather than the rule," and "that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case").

4

Here, Clayton does not dispute that the laboratory notebooks sought by Defendants contain at least some relevant information. In particular, the notebooks may contain information relevant to the conception, design, and development of the claimed invention in the '834 Patent. In addition, whereas the claimed purpose of the '834 Patent is to solve the valve-sticking problem, Defendants allege that the named inventors' true motivation for the invention may have been to increase the strength of those valves. Thus, the notebooks belonging to the named inventors may also contain information relevant to the Defendants' asserted defense of obviousness. *See, e.g.*, *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 881 (Fed. Cir. 1998) ("To ascertain the scope of the prior art [relevant to the obviousness inquiry], a court examines the field of the inventor's endeavor, and the particular problem with which the inventor was involved . . . . Defining the problem in terms of its solution reveals improper hindsight in the selection of the prior art relevant to obviousness.").

The Court acknowledges Clayton's contentions that the named inventors worked on numerous other projects, and that their laboratory notebooks, while relevant in some respects, may also contain information unrelated to the '834 Patent. Although production of such information may present confidentiality concerns in patent cases, that is precisely why there is a protective order in place. *See, e.g.*, *ArcelorMittal Cleveland Inc. v. Jewell Coke Co.*, No. 1:10–CV–00362, 2010 WL 5230862,*3-4 (N.D. Ohio, Dec. 16, 2010) (finding the confidentiality concern compelling in a case involving competitors, but nevertheless ordering production of unredacted documents with an "Attorneys' Eyes Only" designation). The parties in this case agreed on the terms of a Protective Order

5

that broadly prohibits the use and disclosure of information marked "Attorneys' Eyes Only" and "Attorneys' Eyes Only – Prosecution Bar Information" for "competitive purposes or the prosecution of additional intellectual property rights." (Doc. No. 99 at 7.)

Clayton has not shown that production of the complete laboratory notebooks, according to the terms of the parties' stipulated Protective Order, would harm its competitive interests. Indeed, Clayton's generalized assertions that disclosure of the notebooks may be prejudicial is undermined by the fact that Clayton has offered defense counsel the opportunity to inspect, but just not to copy, the unredacted notebooks. Therefore, the Court will order Clayton to produce the complete laboratory notebooks pursuant to the Protective Order. However, to the extent Clayton believes that the agreed-upon language of the Protective Order is insufficient to protect the information at issue in the laboratory notebooks, it may confer in good faith with Defendants and bring any appropriate motion to amend the protective order as necessary.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel is **GRANTED**. (Doc. No. 118.)

**IT IS FURTHER ORDERED** that the Plaintiff shall produce the requested information within seven (7) days of the date of this Order, subject to any necessary amendments to the protective order agreed upon by the parties.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a supplemental memorandum in support of their motion to compel is **DENIED as moot**.

(Doc. No. 128.)  The Court did not rely on Defendants' proposed supplemental memorandum in ruling on Defendants' motion to compel.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2015.