UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLAYTON CORPORATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-01349-AGF |
| | ) | |
| ALTACHEM NV, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 129) of Plaintiff Clayton Corporation ("Clayton"), to compel Defendants Lindal North America, Inc. and Altachem NV (collectively, "Defendants") to produce documents going back to January 1, 2000 that are responsive to certain of Clayton's requests for production relating to the problem of valves sticking due to inadvertently cured moisture-curable foam. Clayton also moves to compel Defendant Lindal to search for and produce documents from certain custodians which are generally responsive to Clayton's requests for production. For the reasons set forth below, the Court shall **GRANT** Clayton's motion.

## BACKGROUND

Clayton's patent, U.S. Patent No. 7,984,834 (filed Sept. 15, 2005) ("the '834 Patent"), describes and claims a valve stem made of a glass-filled polyolefin that resists the adherence of a moisture curable foam, such as polyurethane foam, to the valve seal even if the foam in the containers has hardened. The claimed invention purports to

improve on previous valve designs by adding glass to the valve stems to avoid valve-sticking problems. Clayton appears to have made several requests asking Defendants to produce documents which relate to Defendants' knowledge of the problem of valves sticking due to inadvertently cured moisture-curable foam, and any research or other efforts undertaken to address this problem. (Doc. Nos. 130-5, 130-6.) Clayton's current motion to compel is the latest dispute in what has been a contentious discovery process, in which parties have raised sweeping objections to discovery requests, the outcome of which, despite multiple attempts on both sides to meet and confer, has generally been the objecting party agreeing only to "consider" the relevant discovery request. *See, e.g.*, Doc. No. 123 at 7, Doc. No. 130-10 at 3.

In its present motion, Clayton asserts that Defendants have delayed and limited their disclosures by failing to produce any e-mails or documents responsive to its valve-sticking requests for "nearly a year and a half." (Doc. No. 130 at 1.) Though Defendants have recently produced documents from more custodians, Clayton asserts that Defendants have refused to produce documents generated prior to January 1, 2008, and that none of the production was specifically from Defendant Lindal. Indeed, Clayton cites excerpts of its deposition of Robert Brands, former President of Lindal, in which Brands stated that no litigation holds were initiated and no efforts were taken to gather responsive documents within Lindal. *Id.* at 7. Clayton alleges that Defendants assured Clayton that "once you conduct depositions you will be satisfied that the document production is sufficient," but that following its depositions, Clayton's concerns about the lack of production have grown. *Id.* at 5. Clayton identifies several custodians, including

2

individuals at Lindal,[1] whom it believes to possess documents relating to the valve-sticking problem, and asserts that it believes that a number of these documents will be from before 2008, when Defendants changed the type of valves they were using, which Clayton contends was due to the precise sticking problem the '834 Patent was intended to correct. Clayton argues that this information is important to show that there was a long-felt need in the market for the improvements made by the '834 Patent, which is relevant to the secondary considerations within the obviousness defense asserted by Defendants.

In a joint response, Defendants argue that Clayton has waited until the last minute to add new custodians to its discovery requests, and that allowing it to do so would place an undue burden on Defendants, who would have to search through thousands of archived documents, the majority of which are located abroad. (Doc. No. 140 at 12.) This, Defendants claim, would be extremely difficult as they would have to comply with European privacy laws. *Id.* at 8. Defendants claim that Clayton has been aware of these custodians for nearly a year, and that it is nothing more than "an attempt to force Defendants to spend needless resources on additional discovery." *Id.* at 15. Defendants further assert that it is not surprising that most of the document production has been from Altachem rather than Lindal, as the glass-fill research and development work leading to

---

[1] Clayton's motion to compel requests that documents be produced from six Lindal custodians: Jerry Miller, Phil Lever, Brad Parmer, Michael Horn, Oskar Puttl, and Kai Stuerken. (Doc. No. 129 at 1.) In addition to describing and asserting the relevancy of these six custodians, the argument section of Clayton's memorandum also describes a seventh, Herve Bodet. (Doc. No. 130 at 13.) Finally, Clayton's motion to compel also requests production from "any other current or former employees likely to have discoverable information responsive to Clayton's Requests for Production." (Doc. No. 129 at 1.)

the valves subject to this lawsuit was not performed at Lindal. *Id.* at 8. Defendants argue that "Clayton has not provided any basis for why these custodians may have relevant non-duplicative documents." *Id.* at 9. Defendants also argue that searching their documents since 2000, both within Altachem and Lindal's files, would be unlikely to produce any responsive documents that are not duplicative of documents they have already produced.

In reply, Clayton argues that aside from three individuals listed in their Rule 26(a) disclosures, Defendants did not identify to Clayton the custodians who would possess documents responsive to Clayton's requests. Aside from these three Altachem custodians, whose responsive documents were produced on August 26, 2014, Clayton claims that Defendants did not agree to search for or produce documents from any additional custodians until February 20, 2015, and that they did not actually produce any such documents until mid-April and May 2015.[2] (Doc. No. 153 at 3.) Further, Clayton argues that Defendants' protests that producing documents from Europe and prior to 2008 would be too burdensome are unfounded, as Defendants have already produced selected documents for its own purposes that fall into both of these categories. Clayton notes that Defendants "selectively" produced some reports on international sales and activities, as

---

[2] It appears that, to date, Defendants have produced documents from five current and former Altachem employees, Christophe De Gusseme, Jordi Demey, Jean-Marie Poppe, Herman Dhaenens, and Wouter Van Haute, and have produced documents from three former employees of Lindal, Robert Brands, Abe Baksh, and Francois-Xaiver Gilbert. (Doc. No. 153-1 at 1-2.) The Court notes that the production related to custodians Baksh and Gilbert occurred less than two weeks prior to their respective depositions, and that the production related to custodian Brands occurred nearly a month after he was deposed. *Id.*; Doc. No. 153 at 3.

4

well as some research documents dated from 2000 to 2007, which Defendants used to support their prior-invention defense. *Id.* at 3-4. Clayton argues that it is unfair for Defendants to produce documents that fall within their objections because they serve Defendants' purposes, but to refuse to produce the remainder because they claim that it would be too burdensome.

## DISCUSSION

Federal Rule of Civil Procedure 34, which controls the production of documents, electronically stored information, and other tangible things, states that a "party may serve on any other party a request" for the production of documents, which falls "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under this Rule, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although courts have the discretion under Rule 26(b)(2)(C) to limit discovery that is unreasonably cumulative, duplicative, burdensome, or expensive, the Rules generally promote a "broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) (citation omitted).

Here, Defendants do not dispute that the production sought by Clayton contains at least some information relevant to the secondary considerations which are a factor of the obviousness argument forwarded by Defendants, in support of their contention that the '834 Patent is invalid. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)

(explaining that one of the factors of the obviousness analysis includes secondary considerations, such as whether there was a long-felt but unresolved need, failure of others, copying by others, and commercial success). To the extent that Defendants did receive complaints about their valves sticking, or conducted research to remedy the problem, such information would appear relevant to whether there was a long-felt need for Clayton's innovation. Rather than contest the relevancy of Clayton's requests, Defendants raise arguments that Clayton waited too long to request additional production, and claim that complying with Clayton's requests would be unlikely to reveal any non-duplicative documents, suggesting that Clayton has failed to show why this would not be so. *See BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14–CV–903–JRG, 2015 WL 2061932, at *3 (E.D. Tex. Apr. 30, 2015) (distinguishing, in a patent suit, the difference between a party objecting that a request for production would not turn up any relevant documents, and objecting that it would be unlikely to turn up any non-duplicative documents).

As an initial matter, Clayton does not have the burden of proving that its requests will produce non-duplicative documents, indeed, it would be difficult for it to make such a determination as it has not had the chance to review the documents. Courts have held that "[o]nce the requesting party has made a threshold showing of relevance," as Clayton has done here, "the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." *See Superior Composite Structures, LLC v. Parrish*, No. CIV. 10–4066–KES, 2012 WL 5194228, at *3 (D.S.D. Oct. 19, 2012) (citation omitted); *see also Vishay*

*Dale Elec., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *2 (D. Neb. Nov. 6, 2008) ("The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.").

The Court finds that Clayton has made a threshold showing of relevancy for documents going back to January 1, 2000, and for the six custodians identified in its motion,[3] and Defendants have not met their burden of showing that production of allegedly duplicative documents would be unduly burdensome. Defendants have failed to allege specific documents that it has already produced which contain all of the information requested by Clayton. Though there will likely be some overlap between documents that Defendants have already produced and the documents that Clayton now requests, that does not mean that no new responsive documents would be found such that the discovery would be *unreasonably* duplicative, nor do Defendants allege such. *See Progressive Cas. Ins. Co. v. F.D.I.C.*, 49 F. Supp. 3d 545, 550-52 (N.D. Iowa Oct. 3, 2014) (affirming that the proper standard under Rule 26(b)(2)(C) is whether the discovery sought is unreasonably duplicative or cumulative). Defendants have failed to show specifically why each of Clayton's requests for production would produce duplicative information if extended to documents specifically pertaining to Lindal and to documents from earlier than January 1, 2008—particularly given that they have produced such documents for other purposes, and that Defendants previously requested documents from

---

[3] The Court will not compel production from Herve Bodet, who Clayton has discussed in supporting memoranda, but failed to include in its motion to compel.

Clayton, dating as far back as 1985, on the grounds that they were relevant to whether there was a long-felt need for a non-sticking valve.  *See* Doc. No. 119 at 2.  Defendants' bare assertions that Clayton's requests are burdensome and cumulative are insufficient. *See Superior Composite Structures, LLC*, 2012 WL 5194228, at *3 (stating that Rule 26 requires a party objecting to discovery to "make a specific showing of the reasons *why* the relevant discovery should not be had") (citation omitted); *see also St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

The Court notes that Clayton's motion to compel also requests documents from unspecified "other current or former employees."  *See* Doc. No. 129 at 1.  As Clayton has not made a specific showing as to these other employees, the Court will not at this time grant Clayton's motion to compel as to them; but the Court cautions Defendants that, to the extent that they are aware of other employees with documents responsive to Clayton's requests, they are still required to produce such documents in accordance with their discovery obligations under the Federal Rules of Civil Procedure.

For these reasons, the Court will grant Clayton's motion to compel.  Defendants shall have 30 days to produce the requested information.  Should the parties require any amendment to the case management order in light of the Court granting Clayton's motion, they shall confer in good faith and attempt to reach an agreement on such amendments, and thereafter file an appropriate motion to amend with the Court.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **GRANTED**. (Doc. No. 129.)

**IT IS FURTHER ORDERED** that Defendants shall produce the requested information, as set forth above, within **thirty (30) days** of the date of this Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2015.